CLD-049 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 21-2741

---

JEROME JUNIOR WASHINGTON,

Appellant

v.

MICHAEL WENEROWICZ, Superintendent of SCI Graterford; CHRISTOPHER MECHANICSBURG, Director Overall of SCI-Graterford; JOE KORSZNIAK, Correctional Administrator; DOCTOR WEIER, Director; CHRISTAIN Second in Charge of Sick Call Doctors; NURSE DENNIS; DOCTOR J. DEFRANGESCO; JOHN DOE DEFENDANTS SUED IN THEIR OFFICIAL CAPACITIES & INDIVIDUAL CAPACITIES

---

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-04102)
District Judge: Honorable Eduardo C. Robreno

---

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 29, 2021

Before: AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed January 5, 2022)

OPINION[*]

PER CURIAM

In 2015, Appellant Jerome Washington, a prisoner proceeding pro se, initiated this action under 42 U.S.C. § 1983. In his first amended complaint, he alleged that the defendants were deliberately indifferent to his medical needs while he was imprisoned at SCI-Graterford.[1] He named as defendants several employees of SCI-Graterford: the superintendent and a correctional administrator (the "Non-Medical Defendants"); two doctors (the "Medical Defendants"); and three other employees and John Does (the "Unserved Defendants").

In May 2021, the District Court granted a motion to dismiss filed by the Non-Medical Defendants, holding that the first amended complaint failed to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that it was unclear from the first amended complaint how the Non-Medical Defendants were involved in the alleged deliberate indifference to Washington's medical care.[2] The

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Washington is presently imprisoned at a different facility.

[2] In their motion, the Non-Medical Defendants argued in the alternative that the claims against them should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction based on sovereign immunity and under 12(b)(6) for failure to state a claim.

District Court gave Washington the option of filing a second amended complaint by a date certain or standing on his first amended complaint. Washington did not timely file a second amended complaint. On August 19, 2021, the Medical Defendants filed a motion to dismiss.

On September 3, 2021, the District Court held a telephonic status conference. At the conference, the District Court stated that both motions to dismiss had been granted, though the docket does not indicate that the Medical Defendants' motion to dismiss had been granted at that time. The Court further stated that it would give Washington 60 days to file a second amended complaint and that if Washington needed more time he could get in touch with the Court. Washington expressed frustration over the unsuccessful attempts to serve the Unserved Defendants.[3] He opined that the case had been going on for far too long and requested that the District Court dismiss the case because he "would rather go to the Third Circuit." (Tr. at 13). He added that there was "no way" he was going to file anything because filing a second amended complaint would give the defendants another chance and agreeing to start "all over" would let the defendants file answers they should have already filed. (Id. at 13-14). After a short colloquy, the District Court clarified: "just to make sure that—that we understand it, you want to stand on your amended complaint and you have chosen to stand on your amended complaint and will decline, as is your right to do that, to file a second amended complaint. Did I say

[3] Both the Non-Medical and the Medical Defendants had waived service. It appears that the delay in serving the unserved defendants was caused by Washington's failure to complete Form USM-285s for these defendants.

that correctly?" (Id. at 14). Washington affirmed that the Court's understanding was correct.

The Court subsequently issued an order dismissing the Unserved Defendants without prejudice for lack of service,[4] granting the Medical Defendants' motion to dismiss as uncontested pursuant to Local Rule of Civil Procedure 7.1(c), and stating: "[g]iven that Plaintiff has agreed to dismiss all claims against all served Defendants, to stand on his Amended Complaint, and to the entry of final judgment in favor of the served Defendants, all claims are **DISMISSED** against [the Medical and the Non-Medical Defendants]." (ECF 113). Judgment was entered accordingly. Washington timely appealed and has filed a document in support of his appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal of a complaint for failure to comply with the requirements of Rule 8 for an abuse of discretion. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." Westinghouse, 90 F.3d at 702 (quotation marks omitted). A complaint

[4] Because the Unserved Defendants were never served with process, they were never parties to the case within the meaning of Federal Rule of Civil Procedure 54(b). See Gomez v. Gov't of V.I., 882 F.2d 733, 735-36 (3d Cir. 1989); United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976). Accordingly, the District Court's order is final and appealable, and we have jurisdiction over this appeal. See Gomez, 882 F.2d at 735-36.

must "'be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search' of the nature of the plaintiff's claim[.]" Glover v. FDIC, 698 F.3d 139, 147 (3d Cir. 2012) (quoting Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990)).

We construe pro se filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and "are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019) (citation omitted). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The 71 pages that make up the first amended complaint are densely packed with single spaced handwritten sentences which, though grouped into various sections and numbered paragraphs, are difficult to follow and interpret. See Garrett, 938 F.3d at 93 (explaining that "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint, particularly where a plaintiff declines an express invitation to better tailor her pleading"). In light of these issues with the first amended complaint, as well as the District Court's case management plan centered around giving Washington 60 days, or longer, to file a second amended complaint, we conclude that the District Court did not abuse its discretion in dismissing the claims against the Non-Medical Defendants for failure to comply with Rule 8. See id. at 92 (stating that "the question before us is not whether we might have chosen a more lenient

course than dismissal . . . but rather whether the District Court abused its discretion in ordering the dismissal") (citation omitted).

We will also affirm the dismissal of Washington's claims against the Medical Defendants for the same reasons.[5] We note that a District Court may dismiss a complaint under Rule 8 as to non-moving defendants, provided that the plaintiff is given an opportunity to file an amended complaint. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995); see also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). As noted, Washington declined the opportunity to file a second amended complaint and instead requested that the case be dismissed.

For the foregoing reasons, we will summarily affirm the judgment.

---

[5] To the extent that the District Court may have granted the Medical Defendants' motion to dismiss as unopposed pursuant to Local Rule 7.1(c), based on Washington's failure to file a response, this would likely be improper. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) ("[T]his action should not have been dismissed solely on the basis of [a local rule requiring responses to motions to be filed within 14 days] without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in Fed. R. Civ. P. 12(b)(6)"). However, we may affirm on any ground apparent in the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).